# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL UNION NO. 443 HEALTH SERVICES AND INSURANCE PLAN, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | 3:06-cv-01069 (WWE) |
| EDWARD PAPERO, DONALD G. WALSH, JR. and JOHN D. ROSS, III, | : : : : | |
| Defendants. | : | |

**RULING ON DEFENDANTS DONALD G. WALSH AND JOHN D. ROSS, III'S MOTIONS TO DISMISS**

This action arises from plaintiffs Trustees of the Teamsters Local Union No. 443 Health Services and Insurance Plan's ("Health Services") request for the imposition of a constructive trust pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. section 1132. Plaintiffs claim that defendants are in receipt of proceeds obtained as part of a negotiated settlement of a tort claim brought by defendant Edward Papero and his attorneys, defendants Donald G. Walsh and John D. Ross, III. Plaintiffs seek an order and judgment directing transfer of the proposed trust to Health Services to the full extent of its expenses advanced on behalf of Papero in order to pay claims related to the accident he suffered in June 1999. Plaintiffs assert claims pursuant to ERISA section 502 (a)(2), 29 U.S.C. section 1132(a)(2) for breach of fiduciary duty and, under ERISA sections 404 and 409, 29 U.S.C. sections 1104 and 1109, for failing to hold the proceeds of the settlement in trust and disposing of plan

1

assets.  Plaintiffs also sue defendants pursuant to ERISA sections 406(a) and (b), 29 U.S.C. sections 1106(a) and (b), claiming that defendants, as fiduciaries and parties in interest, engaged in a "prohibited action" as set forth by statute.   Defendant Walsh moves to dismiss counts two and three of plaintiffs' complaint and defendant Ross moves to dismiss this action on all counts.

## BACKGROUND

Plaintiffs are the trustees of a multi-employer welfare benefit plan (the "Plan") as those terms are defined in ERISA sections 3(1) and (37), 29 U.S.C. sections 1002(1) and (37).  They are the "named fiduciaries" of the Plan pursuant to ERISA section 3(21)(A), 29 U.S.C. section 1002(21)(A), and the "plan administrators" within the meaning of ERISA section 3(16)(A), 29 U.S.C. section 1002(16)(A).  The Plan operates pursuant to a Restated Agreement and Declaration of Trust and by Collective Bargaining Agreements, to which contributing employers are signatories.  The Plan provides, inter alia, health and related benefits for eligible members of the Teamsters Local Union No. 443.

The Plan is controlled by the Summary Plan Description ("SPD"), which details, inter alia, the types of claims covered and excluded under the Plan.  At the time of Papero's accident, the SPD provided that no coverage was available for claims that "related directly or indirectly to the negligence, tortious conduct, malpractice or any other act of a third party, except if resulting from Domestic Violence."  The Plan granted the Trustees the discretion to provide these benefits contingent upon the participant executing a Reimbursement Agreement that would bind the beneficiary to reimburse the Plan in full from the proceeds of any settlement, judgment or administrative decision

2

related to the accident and to acknowledge that the Plan has first priority lien on any such proceeds.

Because of his employment with a transportation center that was a signatory to the Collective Bargaining Agreements with the Local Union, defendant Papero was a "participant" in the Plan within the meaning of ERISA section 3(7), 29 U.S.C. section 1002(7).

Papero suffered injuries as a result of an accident in June 1999. He was represented by both defendants Ross and Walsh with respect to his tort claim. Papero, through his attorneys, requested that plaintiffs advance payment of the claims he incurred as a result of this accident. Plaintiffs agreed and advanced Papero $120,481.19. In response to plaintiffs' acquiescence, Papero and Walsh executed a Reimbursement Agreement, pursuant to the Plan, dated July 1, 1999.

The terms of the Reimbursement Agreement provided that Papero would:

> Reimburse the Plan in full out of any proceeds, however described or allocated, without any reduction for attorneys' fees that I, my spouse, or other covered dependent receives from a third party resulting from any court judgment, settlement, arbitration award or payment which is in any way related to the accident, illness or injury described in this Reimbursement Agreement regardless of whether I have been fully compensated for damages incurred as a result of said accident, injury or illness. . . .
>
> By signing this Reimbursement Agreement, I am requesting that [my] attorney promise to hold any proceeds received from a third party as herein described in a constructive trust for the benefit of the Plan and no distribution of any proceeds be made until arrangements to repay the claims have been approved by the Plan. I hereby direct my attorney or attorneys or any person or entity holding proceeds on my behalf to pay over such proceeds to the Plan. I understand that obtaining my attorney's agreement to hold such proceeds in constructive trust for the benefit of the Plan may

be required before the Plan pays any covered expenses. . . .

By the terms of the Reimbursement Agreement, defendant Walsh, as Papero's attorney, agreed:

> I represent Edward Papero, the Participant, spouse or covered dependent in connection with an illness or injury for which a third party may be liable. At the request of my client and as a condition for payment by the Plan of my client's claims, I agree to hold proceeds received in connection therewith in the amount equal to the amount the Plan has paid on behalf of my client(s), in trust for the Plan and agree not to distribute such proceeds until arrangements to repay the Plan have been approved by the Plan.

Subsequent to the signing of this Agreement, defendants received a settlement relative to Papero's claim in the amount of $150,000. Defendants have not abided by the terms of the Agreement in that they have not established a constructive trust as required therein and have not reimbursed plaintiffs for the moneys advanced to Papero.

## DISCUSSION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The function of a motion to dismiss "is merely to assess the legal feasability of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. Cruz v. Beto, 405 U.S. 319, 322 (1972).

4

**I.     Count One**

Defendant Ross asserts that plaintiffs' claim of a right of reimbursement for the proceeds allegedly advanced to Papero as set forth by the Plan cannot be enforced against him because he was never a party to the Reimbursement Agreement entered into by plaintiffs, Papero and defendant Walsh. Ross argues that because he is not a signatory to the Agreement, he is not liable under its terms. Plaintiffs counter that because Ross is in possession of a portion of the proceeds of the settlement of Papero's tort claim, he falls under the purview of the Plan. His signature, plaintiffs claim, is unnecessary to bind him to the provisions of the Agreement.

Pursuant to ERISA section 502(a)(3), a fiduciary may bring a civil action to "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. section 1132(a)(3).

Here, the Reimbursement Agreement established the beneficiary's obligations to the fiduciary, setting forth the requirement that the beneficiary reimburse funds advanced by the fiduciary when proceeds are obtained through settlement or judgment. Plaintiffs are bringing this action to recover these moneys that are now in the possession of defendants, including defendant Ross. The Reimbursement Agreement provides that: "I hereby direct my attorney or attorneys or any person or entity holding proceeds on my behalf to pay over such proceeds to the Plan." Plaintiffs allege that Ross is in receipt of $50,000 of Papero's $150,000 settlement. As possessor of a portion of the funds received by Papero, Ross is obligated to the Plan, pursuant to the

terms of the Agreement, to "pay over" the moneys due and owing to plaintiffs. Defendant Ross, therefore, need not be a signatory to the Agreement in order to be bound by it.

Furthermore, to the extent that Ross may be a fiduciary to the Plan, he may be liable to plaintiffs for the moneys he has retained in that he would have discretionary authority or control over these assets. See e.g. Quade v. Anderson, 1993 WL 332666, *2 (W.D. Mich.) (considering the fraction of assets over which a party has control to determine whether party is a fiduciary).

ERISA defines a fiduciary of a plan "to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." ERISA section 3(21)(A), 29 U.S.C. section 1002(21)(A). This definition, as intended by Congress, must be broadly construed. LoPresti v. Terwilliger, 126 F.3d 34, 40 (2d Cir. 1997).

The Second Circuit has recognized that whether an individual is a fiduciary in a specific situation is a mixed question of law and fact. Frommert v. Conkright, 433 F.3d 254, 271 (2d Cir. 2006). It may not be determined on a motion to dismiss.

The Court will deny defendant Ross' motion to dismiss Count One.

**II.     Counts Two and Three**

Both defendants Walsh and Ross argue that they cannot be held liable for Count Two of plaintiffs' complaint that, as fiduciaries of plaintiffs pursuant to ERISA, they breached their fiduciary duties to plaintiffs by failing to retain plaintiffs' assets in trust, by failing to repay the assets to plaintiffs, by failing to comply with the terms of the Plan, and by personally profiting thereby.  They also move to dismiss Count Three that, as fiduciaries, they committed a prohibited transaction.  They claim that because they were never fiduciaries of the Plan and had no fiduciary relationship with plaintiffs at any time, they did not breach any possible duties arising therefrom or commit any prohibited transaction related thereto.

As discussed, supra, the question of whether a party is a fiduciary is not an issue to be decided on a motion to dismiss.

Defendants Walsh and Ross' motions to dismiss Counts Two and Three of plaintiffs' complaint will be denied on this ground.

## CONCLUSION

For the foregoing reasons, defendants Walsh and Ross' motions to dismiss [Docs. #19 and #23, respectively] are DENIED.


Dated this 19th day of April, 2007 at Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senior United States District Judge